UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN ALLEN McGEE,

    Movant,

v.                                                           CASE NO. 1:08-cv-499

UNITED STATES OF AMERICA,       HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

On May 29, 2008, Movant Steven Allen McGee filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Since filing his § 2255 motion, Movant has filed a collection of related motions seeking various forms of relief. This order addresses Movant's three motions for an extension of time to file a memorandum of law in support of his § 2255 motion (Dkt. Nos. 2, 15, 16), motion for the government to provide copies of missing exhibits J through U of Movant's § 2255 motion (Dkt. No. 8), motion for leave to file an audiotape of Movant's plea hearing in support of Movant's § 2255 motion (Dkt. No. 11), motion to receive notice of electronic filings (Dkt. No. 13), and motion for leave to file a verified declaration (Dkt. No. 27).

On three separate occasions, May 29, 2008, August 4, 2008, and August 11, 2008, Movant filed a motion for an extension of time to file a memorandum of law in support of

his § 2255 motion. On August 26, 2008, Movant filed a 123-page memorandum of law in support of his § 2255 motion. The Court will consider Movant's memorandum in ruling on his § 2255 motion.

On June 16, 2008, Movant filed a motion for the government to provide copies of missing exhibits J through U of Movant's § 2255 motion. The exhibits referred to have been recovered, and will be added to docket entry # 1 to supplement Movant's § 2255 motion.

On June 19, 2008, Movant filed a motion for leave to file an audiotape of Movant's plea hearing in support of Movant's § 2255 motion. The Court will add this recording to the Movant's above-referenced civil case file.

On July 8, 2008, Movant filed a motion to receive notice of electronic filings. Specifically, Movant asks that he receive one free electronic copy of all documents filed electronically. Movant quotes a 2001 determination by the Judicial Conference that: "attorneys of record and parties in a case (including pro se litigants) receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer." However, as a non-attorney, pro se litigant, Movant is not eligible to register for CM/ECF or consent to electronic service. *See* W.D. Mich. LCivR 5.7(b)(ii) ("To be entitled to register as a user of the ECF system, *an attorney* must be admitted to practice in this District, be a member in good standing, and have filed with the Clerk a complete ECF Attorney Registration form.") (emphasis added). For pro se litigants, the traditional means of service remain appropriate. W.D. Mich. LCivR 5.7(i)(iii) ("Counsel filing any pleading

2

or other paper must serve attorneys not registered under this rule and *pro se* parties by nonelectronic means of service under Rule 5."); *see also* W.D. Mich. LCivR 5.7(c) ("Unrepresented parties must file initial pleadings and pay the filing fee (or seek in forma pauperis status) by the traditional method."); *Waters v. Hollywood Tow Servs., Inc.*, 2009 WL 4052834, at *1-2 (C.D. Cal. Nov. 17, 2009). Thus, Movant is not entitled to the CM/ECF access he requests. The language cited by Movant appears to mandate the free receipt of filings made *only* electronically, which filings a pro se litigant would not otherwise be able to access. When a pro se litigant is properly served by traditional methods, as required by the local rules, there is no reason to also allow him electronic access to the filing, and to hold otherwise would offend the above-cited local rules.

On September 11, 2008, Movant filed a motion for leave to file a verified declaration. The Court will consider Movant's verified declaration in ruling on his § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motions for an extension of time to file a memorandum of law in support of his § 2255 motion (Dkt. Nos. 2, 15, 16) are **GRANTED**. The Court will consider the memorandum of law filed by Movant on August 26, 2008.

**IT IS FURTHER ORDERED** that Movant's motion for the United States to provide copies of missing exhibits J through U of Movant's § 2255 motion (Dkt. No. 8) is **DENIED** as moot. The exhibits have been recovered, and the clerk of court shall add the exhibits to docket entry # 1 to supplement Movant's § 2255 motion.

**IT IS FURTHER ORDERED** that Movant's motion for leave to file an audiotape of Movant's plea hearing in support of Movant's § 2255 motion (Dkt. No. 11) is **GRANTED**. If necessary and relevant, the Court will consider this recording in ruling on Movant's § 2255 motion.

**IT IS FURTHERED ORDERED** that Movant's motion to receive notice of electronic filings (Dkt. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for leave to file a verified declaration (Dkt. No. 27) is **GRANTED**. The Court will consider Movant's verified declaration in ruling on his § 2255 motion.


Dated: January 13, 2010            /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE