UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ALLEN McGEE,

    Movant,

v.                                                                CASE NO. 1:08-cv-499

UNITED STATES OF AMERICA,          HON. ROBERT HOLMES BELL

    Respondent.
    _____/

**OPINION**

This matter is before the Court on Movant Steven Allen McGee's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, this motion will be denied.

**I. Factual Background**

On May 24, 2001, a federal grand jury indicted Movant on drug-trafficking and criminal forfeiture charges. Movant initially retained attorney Randy Levine, who entered an appearance on June 8, 2001. On July 3, 2001, Movant substituted Mr. Levine for attorney James D. Mequio. On July 18, 2001, Movant replaced Mr. Mequio with Jeffrey O'Hara.

On July 30, 2001, Movant was charged by information with one count of conspiracy to manufacture more than 1,000 marijuana plants (count I) and one count of criminal forfeiture (count II). On that same day, Movant pleaded guilty to both counts.

Sometime after entering his guilty plea, Movant fled the jurisdiction. He failed to appear for sentencing on November 5, 2001, and an arrest warrant was issued. Beginning August 5, 2002, while still a fugitive, Movant began filing various motions with the clerk of court, including two motions to withdraw his guilty plea. The Court scheduled a hearing on Movant's motions for September 19, 2002, which Movant failed to attend due to his fugitive status. The Court denied Movant's motions for failure to prosecute.

Movant was arrested in Lansing, Illinois on February 25, 2004. On March 1, 2004, the Court entered an order in which it accepted Movant's guilty plea tendered on July 30, 2001. Between the date on which the Court accepted Movant's guilty plea and the sentencing date, Movant filed a variety of motions, including renewed motions to withdraw his plea. The Court conducted hearings on, and denied, these motions.

On May 20, 2004, the Court sentenced Movant to 120 months in prison, 10 years of supervised release, a fine of $10,000, and a $100.00 special assessment relative to count I of the information. Movant was also subject to the forfeiture penalties provided for in count II of the information, which required that Movant forfeit certain items of personal property that were related to the conspiracy charge in count I. Judgment was entered on May 21, 2004.

On May 20, 2004, Movant filed a Notice of Appeal from the final judgment. Court appointed attorneys Kevin Shad and Melvin Houston were assigned to assist Movant in the appeal of issues relating to his conviction on the conspiracy count and sentencing, while Movant represented himself in the appeal of issues relating to the forfeiture allegations. On

September 29, 2006, the Sixth Circuit issued three opinions relative to Movant's appeals which affirmed the forfeiture (No. 04-1406), the conviction and sentence (No. 04-1706), and the district court's denial of various post-judgment motions filed by Movant (Nos. 04-2003, 04-2005, and 05-2198).

Movant filed his § 2255 motion on May 29, 2008. Movant's motion is timely because it was filed within one year of the Supreme Court's denial of Movant's petition for certiorari in the underlying criminal matter. *See* 28 U.S.C. § 2255(f)(1).

## II. Law and Analysis

A prisoner who moves to vacate his sentence under § 2255 must show that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)

3

(quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

Latin for "you may have the body," habeas corpus is a mechanism designed to relieve prisoners of unconstitutional *confinement*. *See* 28 U.S.C. § 2255(a) (noting that § 2255 is available to "[a] prisoner in *custody* under the sentence of a court established by Act of Congress *claiming the right to be released*" (emphases added)). A § 2255 petition may not be used to challenge penalties merely collateral to imprisonment, such as fines and forfeiture of property. *United States v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995); *Rodriguez v. United States*, No. 95-2322, 1997 WL 770636, at *1 (1st Cir. Dec. 12, 1997); *Soldier v. United States*, No. 3:09-cv-1, 2009 WL 455830, at *2 (D.N.D. Feb. 23, 2009).

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent high exceptional circumstances," such as new facts or an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Similarly, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A movant that does not raise a constitutional claim on direct appeal is procedurally barred from raising it in a § 2255 proceeding unless the movant can demonstrate either "cause" and "actual prejudice," or "actual innocence." *Id.* at 167-68.

However, claims of ineffective assistance of counsel are not subject to the procedural default rule, and may be raised in a § 2255 motion regardless of whether they were litigated

4

on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A movant alleging ineffective assistance of counsel must demonstrate that counsel's performance fell below "an objective standard of reasonableness" and that there is a "reasonable probability" that counsel's errors affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

Movant's § 2255 motion presents eleven grounds on which his sentence should be vacated, set aside, or corrected:[1] (1) denial of effective assistance of counsel in attorney Jeff O'Hara colluding with the prosecutor and court staff to remove various suppression motions from the judicial record; (2) his plea was not knowing or voluntary; (3) violation of due process because (a) the district judge did not resolve Movant's objections to the pre-sentence report; (b) the district judge did not conduct a safety valve hearing; (c) the district judge did not grant Movant's motions for withdrawal of the plea; (4) the district judge imposed a forfeiture sentence that was not authorized by law; (5) the sentence of imprisonment, fine, and supervised release constituted a violation of double jeopardy; (6) the district court denied

---

[1]On August 26, 2008, Movant filed a 123-page brief in support of his § 2255 motion. Movant then supplemented this brief with an additional 44 page brief on August 21, 2009. Movant's two briefs raise additional grounds on which he claims his sentence should be vacated, set aside, or corrected. The statute of limitations governing Movant's § 2255 motion expired on June 4, 2008, one year after the Supreme Court denied Movant's petition for a writ of certiorari. Thus, to the extent the grounds presented by Movant's two briefs do not "relate back" to Movant's original motion, those grounds are untimely and will not be considered. Fed. R. Civ. P. 15(c); *see also Mayle v. Feliz*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Movant's request for subpoenas which violated Movant's Fifth and Sixth Amendment rights; (7) the prosecution withheld exculpatory evidence, which resulted in the sentence of forfeiture; (8) the ten-year term of supervised release was not a sentence authorized by law; (9) The $10,000 fine was imposed in violation of Movant's Fifth Amendment right to due process; (10) ineffective assistance of appellate counsel; and (11) the sentence of supervised release violated Movant's constitutional rights.

*1. Denial of Effective Assistance of Counsel*

Movant first claims that his third retained attorney, Jeff O'Hara rendered him ineffective assistance by colluding with the prosecuting attorney and court staff to maliciously remove suppression motions from his criminal case file. Movant presents evidence that Mr. Mequio, Movant's attorney before O'Hara, drafted four suppression motions, and submitted these suppression motions to the Court on July 10, 2001. (Dkt. No. 1, Ex. C.) Movant also correctly points out that none of these suppression motions appear in Movant's criminal case docket sheet. From this, Movant concludes that O'Hara, Movant's attorney when he entered his plea, engaged in a far-reaching conspiracy with the prosecuting attorney and court staff to remove the suppression motions from the judicial record and coerce Movant to plea. However, there is an explanation for the absence of the motions from the criminal case file that is consistent with the evidence presented by Movant and also supported by the clerk's office policy in effect in 2001 pertaining to filed documents.

The deadline for filing pre-trial motions in Movant's criminal case was set for July

6

6, 2001. Prior to that date, attorney Mequio contacted the clerk's office, and was told by an employee there that, in light of attorney Mequio's recent assumption of Movant's defense, the Court would likely agree to extend the pre-trial motion filing deadline, but that attorney Mequio should file a motion seeking such an extension. On July 10, 2009, attorney Mequio filed a motion to extend the deadline for filing pre-trial motions. Attached to the motion to extend the deadlines, attorney Mequio also submitted to the Court the motions to suppress that Movant claims were fraudulently removed from the record. Because the period for filing pre-trial motions had expired by July 10, pursuant to clerk's office policy in effect prior to the adoption of CM/ECF in 2002, of the documents submitted by attorney Mequio on July 10, 2009, the only one that would have been officially filed at that time was the motion to extend the deadline for filing pre-trial motions. The motions to suppress themselves would not have been officially filed until the Court ruled on the motion to extend the deadline for filing pre-trial motions. However, the Court never ruled on the motion to extend the deadline for filing pre-trial motions because the motion became moot when Movant pleaded guilty. Thus, although Mr. Mequio submitted the motions to the Court, they never became part of the judicial record.[2]

Because the evidence presented by Movant is not sufficient to support his conspiracy theory, but rather is consistent with clerk's office procedure pre-CM/ECF, the Court holds

---

[2] The Court's conclusion that Mr. O'Hara did not collude with prosecutors and court staff to remove Movant's suppression motions from the judicial record also addresses Movant's argument, raised in his brief, that "fraud on the court" occurred. (Dkt. No. 26, at 7-11.) Movant has not presented sufficient evidence that fraud on the court actually occurred.

that Mr. O'Hara did not provide Movant with deficient representation by colluding with the prosecutor and Court staff to remove Movant's suppression motions from the file.

Liberally construed, Movant's first ground for relief also includes a claim of ineffective assistance of counsel by Movant's first attorney, Randy Levine, for "abandon[ing] Movant McGee at a critical stage of the proceedings when pre-trial motions were due." (Dkt. No. 40, at 40.) In support of this claim, Movant cites *United States v. Conic*, 466 U.S. 648 (1984), in which the Supreme Court held that "a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659. But Movant was not denied counsel at any point in this proceeding. When Mr. Levine notified Movant of his intention to withdraw on June 21, 2009, Mr. Levine committed to assisting Movant in obtaining substitute counsel. (Dkt. No. 26, at 53.) Mr. Levine did not officially withdraw until July 3, 2009, the same day attorney Mequio assumed Movant's representation.

Even if the Court were to conclude that Mr. Levine rendered deficient assistance by withdrawing when he did, the deficiency did not prejudice Movant. Movant claims that late June of 2001, the time period in which Mr. Levine decided to withdraw, was a "critical" time period because pre-trial motions were due on July 6. However, the attorney that succeeded Mr. Levine, Mr. Mequio, was able to prepare the suppression motions and, although Mr. Mequio did not submit them until July 10, the clerk's office informed Mr. Mequio that the Court would consider them. (Dkt. 1, Movant's Aff. Ex. B ¶ 23 ("Mequio and Peterson informed me that they had contacted the U.S. District Court in Grand Rapids, and allowances

8

would be made for late filing of the Suppression Motions due to the substitution of attorneys.").) The Court ultimately did not consider Movant's suppression motions, but only because he pleaded guilty before the Court was called upon to do so, and not because they were filed late.

*2. The Plea was Not Knowing and Voluntary*

Movant's second ground for relief asserts that his plea to the forfeiture count was not knowing and voluntary as required by Rule 11 of the Federal Rules of Criminal Procedure, because, when he attempt to refute the allegations during the plea hearing, attorney O'Hara kicked him and advised him to admit the allegations.[3] McGee raised this claim on direct appeal. *United States v. McGee*, No. 04-1706, slip op. at 3 (6th Cir. Sept. 29, 2006) (noting that Movant claimed on appeal that "McGee's plea was not entered knowingly and voluntarily as required by Fed. R. Crim. P. 11 because McGee was coerced by O'Hara into admitting the forfeiture allegations."). With respect to whether McGee's counsel did coerce him into admitting the forfeiture allegations, the Sixth Circuit held that the claim:

> is not supported by anything other than McGee's own self-serving accusations that stand in contradiction to statements he made at the plea hearing that he was pleading guilty voluntarily and had not been threatened or coerced. A defendant such as McGee who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements thereafter. Furthermore, [counsel's admonishing that Movant should not contest the

---

[3]To the extent Movant's motion can be read to allege claims that the plea was not knowing or voluntary for reasons other than Mr. Levine's "coercive" behavior during the plea hearing, those claims are procedurally barred because McGee failed to raise them on direct appeal and has not made a showing of "cause" or "prejudice." *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

9

> allegations] does not show that counsel was coercing McGee, but that counsel was correctly informing McGee that he needed to admit the allegations of forfeiture if he wanted to preserve the benefits of the plea bargain.

*United States v. McGee*, No. 04-1406, slip op. at 5 (6th Cir. Sept. 29, 2006). "A 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Movant has not demonstrated that there are any "exceptional circumstances" with respect to his claim that his plea was involuntary that would compel the Court to readdress it.

Movant's claim for relief based on the invalidity of the forfeiture plea must also be rejected because a habeas petition may not be used to challenge sanctions that don't result in "confinement." *United States v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Even if the Court were to conclude that Movant's plea with respect to the forfeiture allegations was somehow involuntary, that conclusion would have no effect on Movant's plea to the conspiracy charge, the charge that ultimately resulted in Movant's imprisonment. For this reason, Movant's challenge to the voluntariness of his plea to the forfeiture count is not cognizable in his § 2255 petition.

*3. The Proceedings Violated Due Process*

Movant's third ground for relief asserts that his due process rights were violated: (a) when the district judge failed to resolve his objections to the pre-sentence report; (b) when the district judge failed to conduct a safety-valve hearing; and (c) when the district judge

denied his motions for withdrawal of his plea.

Movant raised the first two claims on direct appeal, and the Sixth Circuit rejected them both. *United States v. McGee*, No. 04-1706, slip op. at 7 (6th Cir. Sept. 29, 2006). Movant has failed to establish that extraordinary circumstances justify further review of these claims in this § 2255 proceeding.

Movant failed to raise his third claim on direct appeal, and Movant has not demonstrated either cause or prejudice for this failure. Even if Movant's third claim was not procedurally barred, it is meritless. The district court denied Movant's motions because he failed to appear and prosecute them, an action it was entitled to take under the fugitive disentitlement doctrine. *See United States v. Morgan*, 254 F.3d 424 (2d Cir. 2001).

*4. The Forfeiture Sentence was Not Authorized by Law*

Movant next alleges several constitutional deficiencies with regard to the forfeiture sentence imposed upon him. As indicated, Movant pleaded guilty to count II of the information (Case No. 1:01-cr-122, Dkt. No. 34), which alleged that Movant was required to forfeit certain property, the ownership of which was obtained as a result of the commission of conspiracy charge in count I of the information.

Forfeiture sentences are not cognizable in § 2255 proceedings. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). Even if the Court were to vacate McGee's plea to the forfeiture count, his plea to the conspiracy charge would stand, as would the sentence imposed pursuant to his plea to the conspiracy charge. Movant is not entitled to § 2255 relief

11

on this ground because such relief would have no effect on his confinement.

*5. Double Jeopardy*

Movant next claims that "[t]he sentence of imprisonment, fine, and supervised release issued on May 20, 2004 constituted a violation of the Double Jeopardy Clause." (Dkt. No. 1, at 8.) Movant argues that the district court was not permitted to impose a penalty of imprisonment, fine, and supervised release and also impose the forfeiture sanctions in count II of the information. Movant failed to raise this claim on direct appeal, and he has not demonstrated cause and prejudice for this failure. Even if Movant was not procedurally barred from raising this claim in this § 2255 proceeding, the claim has no merit. "It is well settled that Congress may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause, so long as it clearly expresses its intent to do so." *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994). The statute authorizing criminal forfeitures, 21 U.S.C. § 853, clearly contemplates their use "in addition to any other sentence imposed pursuant to" the drug control and enforcement sub-chapter of the United States Code. Thus, the district court was entitled to impose forfeiture sanctions in addition to other appropriate sanctions.

*6. The Denial of Subpoenas*

Movant's sixth ground for relief asserts that "Defendant McGee was unconstitutionally deprived of his Sixth Amendment right to compulsory process, and his Fifth Amendment due process right to present evidence on his own behalf, by the District

Court's denial of subpoenas, which directly resulted in an unconstitutional deprivation of McGee's property, and a sentence of forfeiture not authorized by law." (Dkt. No. 1, at 8.) Movant's claim is based on the district court's denial of his request to subpeona witnesses to testify in support of his motion to withdraw his plea to the forfeiture allegations. Like several of Movant's previous claims, this claim relates solely to the validity of Movant's plea to the forfeiture allegations contained in count II of the information, and it is not cognizable in a § 2255 proceeding. Even if Movant's request for subpoenas did somehow relate to his imprisonment, the Court was justified in denying them. Whether or not to conduct an evidentiary hearing at a sentencing hearing is within the sound discretion of the trial court. Fed. R. Crim. P. 32(i)(2)("The court *may permit* the parties to introduce evidence on objections." (emphasis added)); *see also United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir. 1991).

*7. The Withholding of Exculpatory Evidence*

In his seventh ground for relief, Movant contends that the forfeiture penalties were obtained by the withholding of exculpatory evidence by the prosecution. According to Movant, the government should have disclosed all documents in its possession indicating the legal origins of the funds in Movant's bank account. As it relates solely to the forfeiture allegations, this claim is not cognizable in a § 2255 proceeding. In addition, this claim is procedurally barred because the Sixth Circuit addressed and rejected it on direct appeal, and Movant has shown no exceptional circumstances that would compel this Court to revisit it

13

in a § 2255 proceeding. *United States v. McGee*, No. 04-1706, slip op. at 8 (6th Cir. Sept. 29, 2006); *see Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Finally, even if this claim were otherwise cognizable, it is meritless. Movant could have accessed the documents he claims were wrongfully withheld, but he made no attempt to do so. (Case No. 1:01-cr-122, Dkt. No. 16, Pretrial Conference Summ. Order (noting that all documents in the government's possession "have been made available for inspection and copying by defense counsel.").)

*8. The Ten-Year Supervised Release Term*

Movant next claims that "the ten year term of supervised release was a sentence not authorized by law." (Dkt. No. 1, at 9.) Movant claims that the supervised release sentence was not authorized by law because the pre-sentence report recommended a lighter term of five years. This claim was addressed and rejected on direct appeal, and Movant has not demonstrated exceptional circumstances that would require this Court to revisit it. In addition, the supervised release term was, in fact, authorized by law. The governing statute, 21 U.S.C. § 841(b)(1)(A), requires a minimum supervised release term of five years for persons who violate section (a), but does not provide a maximum. The Court was well within the bounds of the law in imposing a supervised release term of ten years.

*9. The $10,000 Fine*

Movant's ninth ground for relief asserts that the $10,000 fine was imposed in violation of Movant's Fifth Amendment right to due process. First, like forfeiture sanctions, a § 2255

motion may not be used to challenge a monetary fine because such penalties do not result in confinement. *United States v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003); *Watroba*, 56 F.3d at 29. In addition, Movant failed to raise this argument on direct appeal, and has demonstrated neither cause nor prejudice for this failure. *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

*10. Ineffective Assistance of Appellate Counsel*

Movant next argues that his counsel on appeal, Kevin Shad and Melvin Houston, rendered ineffective assistance for failing to raise issues relating to the forfeiture proceedings on direct appeal. Mr. Shad and Mr. Melvin provided appellate counsel to Movant for purposes of his plea to the count I conspiracy charge alone, appeal No. 04-1706. Count II of the information, the count that contained the forfeiture allegations, was the subject of a separate appeal, No. 04-1406, in which Movant represented himself. Thus, any claims surrounding the validity of the forfeiture proceedings would not have been appropriate in Movant's appeal of his plea to the conspiracy charges, the appeal for which Mr. Shad and Mr. Melvin provided assistance. *See United States v. McGee*, No. 04-1706, slip op. at 3-4 (6th Cir. Sept. 29, 2006) ("We decline to address all claims concerning the forfeiture proceedings, including the validity of the plea with respect to the forfeiture count, because the forfeiture proceedings are the subject of a separate appeal, Case No. 04-1406."). Movant's appellate counsel was not ineffective for failing to raise claims that were not within the scope of the appeal for which they provided assistance.

*11. The Sentence of Supervised Release*

Finally, Movant argues that the trial court violated Movant's First, Fourth, and Sixth Amendment rights by considering Movant's juvenile record and statements of unknown government agents and secret informants in imposing the sentence of supervised release. Movant admits that he failed to raise this argument on direct appeal, but argues that he has made a showing of cause and prejudice because he only "recently discovered" the violations. (Dkt. No. 1, Mot. 6.) Movant points to statements and information contained in the pre-sentence report and the sentencing transcript to support his contention that improper information was considered in his sentencing. (Dkt. No. 33, Movant's Supp. Brief 14-19.) Because Movant had access to the pre-sentence report and the sentencing transcript throughout Movant's direct appeal, he has not made a sufficient showing of cause and prejudice to justify his procedural default.

**III. Conclusion**

In short, all of Movant's claims must be rejected because they are not supported by the facts, because they seek relief from a penalty not cognizable in a § 2255 proceeding, because they were litigated on direct appeal and no exceptional circumstances would justify further review, or because they were not raised on direct appeal and Movant has not demonstrated cause and prejudice or actual innocence. Additionally, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and therefore Movant is not entitled to a hearing. 28 U.S.C. § 2255(b). Finally, the Court does

not believe that Movant has made a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability will be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: January 21, 2010                          /s/ Robert Holmes Bell
                                                                       ROBERT HOLMES BELL
                                                                       UNITED STATES DISTRICT JUDGE